IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KATHY REAVES,                          *
                                       *
        Plaintiff,                     *
                                       *
        v.                             *          CV 124-083
                                       *
PATRICK DEAN BLANCHARD, et al.,        *
                                       *
        Defendants.                    *
                                       *
                                       *
                            _____

                            O R D E R
                            _____

        Before the Court is Plaintiff's motion for reconsideration of
this Court's June 7, 2024 Order finding improper venue and
transferring this case to the District of South Carolina (Doc. 5).
(Doc. 6.)   For the following reasons, Plaintiff's motion for
reconsideration is **DENIED**.


                        I. BACKGROUND

        Plaintiff filed the instant complaint on June 3, 2024,
alleging various claims arising out of her arrest by the South
Carolina Highway Patrol in 2021.   (Doc. 1, at 4, 44-59.)   The
Magistrate Judge determined venue in this District was improper
because "ten of the eleven named Defendants are located in South
Carolina and this Court has previously dismissed claims based on
the same set of events against the one Defendant located in the

Southern District of Georgia." (Doc. 5, at 1.) The Magistrate Judge therefore transferred the case to the District of South Carolina. (Id. at 2.) Plaintiff now requests that this Court reconsider its decision to transfer pursuant to Federal Rule of Civil Procedure 60. (Doc. 6, at 1.)

## II. LEGAL STANDARD

Rule 60, under which Plaintiff brings this motion, applies to "a final judgment, order, or proceeding." FED. R. CIV. P. 60(b). However, the Order which Plaintiff contests – the transfer of her case for improper venue – was interlocutory, not final. Stelly v. Emps. Nat. Ins. Co., 431 F.2d 1251, 1253 (5th Cir. 1970) ("It is hard to see how any order could be less 'final' than one which merely transfers an action for trial from one district to another in the federal judicial system whether the transferee district is in the same circuit or a different one.").[1] As such, Plaintiff's motion is governed by Federal Rule of Civil Procedure 54. See Watkins v. Cap. City Bank, No. CV 310-087, 2012 WL 4372289, at *4 (S.D. Ga. Sept. 24, 2012) ("A court may revisit interlocutory orders at any time prior to final judgment pursuant to Rule 54(b) or the Court's inherent[] authority.") (first citing Covenant

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Christian Ministries, Inc. v. City of Marietta, Georgia, 654 F.3d 1231, 1242 (11th Cir. 2011), then citing FED. R. CIV. P. 54(b)).

Although the text of Rule 54(b) does not specify a standard by which courts evaluate motions for reconsideration, courts in this Circuit have found "three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002); accord Faller v. Pelosi, No. CV 120-002, 2020 WL 2770167, at *1 (S.D. Ga. May 28, 2020). Reconsideration "is an extraordinary remedy to be employed sparingly." Burger King, 181 F. Supp. 2d at 1370. Therefore, the movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation omitted).

## III. DISCUSSION

Plaintiff's motion fails to establish reconsideration of this Court's transfer of her case is warranted under Rule 54(b). While her motion includes various facts regarding her claims, nowhere does she direct the Court's attention to new evidence that would establish proper venue in this District. Her motion does not claim to identify an intervening change in controlling law regarding

venue and transfer.    Nor does her assertion that this Court "[got]
the jurisdictions of SC and GA mixed up" convince the Court that
reversal is necessary to correct clear error or prevent manifest
injustice.    (Doc. 6, at 7.)    Because Plaintiff has not met the
stringent standard of Rule 54(b), her motion for reconsideration
(Doc. 6) is **DENIED**.


### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that
Plaintiff's motion for reconsideration (Doc. 6) is **DENIED** and this
case stands **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this ___8th___ day of January,
2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4